UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT B. ELWELL,

    Petitioner,

v.                                                  Case No. 4:17cv135-RH-CJK

JULIE L. JONES,

    Respondent.

_____/

## ORDER and
## REPORT AND RECOMMENDATION

This cause is before the court on an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 4). Respondent filed an answer asserting a procedural default defense. (Doc. 10). After the court ordered the parties to show cause why this case should not be dismissed as moot (doc. 14), respondent moved to dismiss the petition as moot. (Doc. 17). Petitioner has not responded to the show cause order or the motion to dismiss. The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). The undersigned concludes that the petition is moot and should be dismissed for lack of jurisdiction.

## PROCEDURAL HISTORY

Petitioner was an inmate of the Florida Department of Corrections confined at Polk Correctional Institution at the time he initiated this action. (Docs. 1, 4). Petitioner's amended habeas petition challenges his prison disciplinary conviction for disobeying an order, which resulted in disciplinary confinement and the forfeiture of 15 days' gain time. Petitioner challenges the disciplinary conviction on the ground that he is innocent. As relief, petitioner seeks to have the DR expunged and his gain time restored. (Doc. 1). Respondent moves to dismiss the petition as moot because petitioner was released from incarceration on April 25, 2018, on expiration of his sentence. (Doc. 17).

## DISCUSSION

Article III of the United States Constitution extends federal judicial power only to cases or controversies. U.S. Const. art. III, § 2, cl. 1. "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury . . . likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). When the injury for which a litigant seeks judicial redress is resolved or disappears prior to the court's decision, there is no longer an Article III case or controversy, and the case is moot. *See Burke v. Barnes*, 479 U.S. 361, 363 (1987); *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631

(1979) (holding that a case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation); *Mattern v. Sec'y for Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007) ("[A] habeas petitioner who has been released from imprisonment subsequent to his filing a § 2254 petition must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot.").

Petitioner does not challenge his underlying conviction; rather, he challenges a prison disciplinary conviction and forfeiture of gain time. (Doc. 4). During the pendency of this action, petitioner was released from incarceration on expiration of his sentence. (Doc. 17; *see* http://www.dc.state.fl.us/OffenderSearch/Search.aspx under Robert B. Elwell, DC# R05754). The expiration of petitioner's sentence renders this proceeding moot, because the petition no longer presents an Article III case or controversy. The revocation of sentence credit and resulting 15-day delay in petitioner's release – incurred as a result of the disciplinary action – is now over and cannot be undone. Any relief directed to the September 13, 2016, disciplinary action and gain time forfeiture would have no effect. *See Spencer v. Kemna*, 523 U.S. 1, 8-14 (1998) (holding that habeas petition challenging parole revocation was

rendered moot by expiration of petitioner's sentence); *Hernandez v. Wainwright*, 796 F.2d 389 (11th Cir. 1986) (holding that habeas petition challenging calculation of gain time credits was rendered moot by prisoner's release from custody during pendency of habeas proceeding); *Doss v. Crosby*, 357 F. Supp. 2d 1334 (N.D. Fla. 2005) (concluding that habeas petition challenging prison disciplinary proceeding that resulted in gain time forfeiture was rendered moot by prisoner's release from incarceration on expiration of his sentence).

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree

with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The clerk shall mail a copy of this order to petitioner at his address of record (Polk Correctional Institution) and his release address reflected on the Florida Department of Corrections' website:  14358 Lucind Drive, Tampa, FL 33602.

And, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 17) be GRANTED.

2.  That the amended petition for writ of habeas corpus (doc. 4), challenging petitioner's September 13, 2016, prison disciplinary conviction be DISMISSED as moot.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 4th day of September, 2018.

>   */s/* *Charles J. Kahn, Jr.*
>   **CHARLES J. KAHN, JR.**
>   **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the

*Case No. 4:17cv135-RH-CJK*

*Page 7 of 7*

provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

*Case No. 4:17cv135-RH-CJK*